**Proposed Presentment Date:** November 13, 2026 at 12:00 p.m. (EST)
**Deadline to File and Serve Objections:** November 6, 2026 at 5:00 p.m. (EST)

WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Robert J. Malatak (rmalatak@windelsmarx.com)
Eloy A. Peral (eperal@windelsmarx.com)

*Attorneys for Valley National Bank*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Silvershore Cypress LLC,<br>Silvershore Properties 95 LLC,<br><br>Debtors. | Case No. 24-43223-ess<br>Case No. 24-43224-ess<br><br>Jointly Administered |
| Silvershore Cypress LLC and<br>Silvershore Properties 95 LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Margaret Streicker, Dorado Asset Advisory LLC,<br>And Cyprus Tree LLC,<br><br>Defendants. | Adv. Pro. No. 26-01148-ess |

**NOTICE OF PRESENTMENT OF STIPULATION AND PROPOSED ORDER AMENDING DEBTOR'S COMPLAINT TO FORFEIT THE CONTRACT DEPOSIT**

**PLEASE TAKE NOTICE** that on **November 13, 2026 at 12:00 p.m. prevailing eastern time**, the attached Stipulation and Proposed *Order Amending Debtor's Complaint to Forfeit the Contract Deposit* ("***Order***"), will be presented for signature to The Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, New York

11201-1800.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order, must comply with E.D.N.Y. LBR 2002-(e) which requires that any such objection: be in writing, conform to the requirements for responses set forth in E.D.N.Y. LBR 9013-1, and be filed with proof of service and served upon: (i) the undersigned counsel of secured creditor Valley National Bank ("***Valley***") at the address set forth below, and (ii) counsel for Plaintiffs in this Adversary Proceeding Silvershore Cypress LLC and Silvershore Properties 95 LLC, Goldberg Weprin Finkel Goldstein LLP, Attn: Kevin J. Nash, Esq., 125 Park Avenue, Ste. 12th Floor, New York, New York 10017, in a manner calculated to be received by **no later than November 6, 2026 at 5:00 p.m., prevailing eastern time**. Unless objections are filed and served as set forth above, the Court may enter the Order without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served, a hearing will be scheduled before The Honorable Elizabeth S. Stong, United States Bankruptcy Judge, on a date and time to be announced. Valley will cause notice of the hearing to be given to the parties who filed objections.

**PLEASE TAKE FURTHER NOTICE** that the ECF docket number to which the filing relates shall be included in the upper righthand corner of the caption of all objections.

Dated: New York, New York
October 19, 2026

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Valley National Bank*

By: */s/ Eloy A. Peral*
Robert J. Malatak (rmalatak@windelsmarx.com)
Eloy A. Peral (eperal@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Silvershore Cypress LLC,<br>Silvershore Properties 95 LLC, | Case No. 24-43223-ess<br>Case No. 24-43224-ess |
| Debtors. | Jointly Administered |
| Silvershore Cypress LLC and<br>Silvershore Properties 95 LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Margaret Streicker, Dorado Asset Advisory LLC,<br>and Cyprus Tree LLC,<br><br>Defendants. | Adv. Pro. No: 26-01148-ess |

**STIPULATION AND ORDER AMENDING DEBTOR'S COMPLAINT TO FORFEIT THE CONTRACT DEPOSIT**

This Stipulation ("Stipulation") is entered into by and between the above-captioned plaintiffs-debtors, Silvershore Cypress LLC and Silvershore Properties 95 LLC (the "Original Plaintiffs") and Valley National Bank ("Valley", together with Debtor, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, the Original Plaintiffs filed voluntary petitions under Chapter 11 of the Bankruptcy Code on August 1, 2024 (the "Petition Date") with the U.S. Bankruptcy Court for the Eastern District of New York (the "Court");

**WHEREAS**, Original Plaintiffs own as tenants-in-common the mixed-used building located at located at 10-71 Cypress Avenue, Queens, NY (the "Building" or "Property");

**WHEREAS**, Valley holds a mortgage on the Property, including all proceeds, products, offspring, rents, and profits of the Property, that secures a loan to the Debtors in the original principal amount of $9,100,000 made on or about November 5, 2015;

**WHEREAS**, in the *Final Stipulation And Order Authorizing Debtors' Use Of Cash Collateral, Providing Adequate Protection Of Lender's Interests, And Granting Related Relief* [ECF No. 51] (the "Cash Collateral Order") Parties stipulated that, *inter alia*, (i) the proceeds of the Property, including, but not limited to, rents collected by the Receiver (as defined in the Cash Collateral Order) constitute cash collateral as that term is defined in Section 363(a) of the bankruptcy Code ("Cash Collateral") in which Valley has valid, continuing, perfected, enforceable and non-avoidable first and senior lien and security interests and (ii) as of the Petition Date the Debtors were each indebted to Valley in the amount of no less than $11,545,514.00 as set forth in the proofs of claim filed by Valley against the Debtors (collectively, the "Valley Claim");

**WHEREAS**, in the Cash Collateral Order, Valley is granted, *inter alia,* in addition to all existing security interests and liens granted to Valley, a valid, perfected, and enforceable first-priority security interest in and lien on all of the following property, assets and rights of Debtors (whether such property, assets, and rights were acquired by Debtors before, on, or after the Petition Date) and all proceeds, products, offspring, rents, issues, and profits thereof, which security interest and lien shall not be subject to subordination under Bankruptcy Code § 364(d) or otherwise, all of Debtors' presently owned and hereafter created or acquired property, assets, and rights of any kind or nature, wherever located, real and personal, tangible and intangible, including, without limitation, (i) inventory, (ii) machinery and equipment, (iii) books and records, (iv)

contract rights, (v) accounts, (vi) general intangibles, (vii) furniture, (viii) fixtures, and (ix) bank accounts (including, without limitation, any accounts held by or for Debtors) and all property deposited therein;

**WHEREAS**, the Valley Claim is deemed an allowed secured claim against the Debtors in the *Debtors' Joint Plan of Liquidation* confirmed by the Court by Order entered on August 19, 2026 [ECF No. 24];

**WHEREAS**, by order, dated June 27, 2025 [ECF No. 65] (the "Bid Procedures Order"), as modified by Order, dated October 15, 2025 [ECF No. 77], the Court approved certain "Bid Procedures" that govern the sale of the Property to the highest or best bidder;[1]

**WHEREAS**, the Bid Procedures provide that to qualify as a Qualified Bidder, a Potential Bidder (as those terms are defined in the Bid Procedures) must submit a "good faith deposit in the amount of five-hundred thousand dollars ($500,000.00) in immediately available funds" and that such deposits "are subject to the properly perfected and undisputed first priority lien of [Valley] which secures its claims against the Debtors";

**WHEREAS**, the Bid Procedures further provide that "[i]n the event of a Retained Deposit, the Debtors shall transfer the Retained Deposit to [Valley] within three (3) business days of [Valley's] written demand for the Retained Deposit unless otherwise ordered by the Court." (as those terms are defined in the Bid Procedures);

**WHEREAS**, as announced in the *Notice of Auction Results* filed by the Debtors on January 14, 2026 [ECF No. 91], at an auction held on December 23, 2025 (the "Auction") pursuant to the Bid Procedures, Dorado Asset Advisory ("Dorado") was selected as the successful bidder with a bid in the amount of $4.7 million (the "Dorado Bid");

[1] See Notice Of Filing Approved Bid Procedures And Sale Notice, ECF No. 80.

**WHEREAS**, the Debtors' sale of the Property pursuant to the Dorado Bid was memorialized in a Contact of Sale dated June 3, 2026 which was signed by the Debtors and Cypress Tree LLC ("Cypress Tree") as designee for Dorado (the "Contract");

**WHEREAS**, prior to the Auction, Dorado wired a deposit in the amount of $500,000 to the Debtors' counsel (the "Dorado Deposit") as required by the Bid Procedures and the treatment of the Deposit was set forth in the Contract;

**WHEREAS**, the Court authorized the sale of the Property to Cyprus Tree free and clear of all claims, liens and taxes under the terms of the Contract pursuant to the Court's Order dated June 11, 2026 the ("Sale Order");

**WHEREAS**, that on September 15, 2026, the Original Plaintiffs commenced the above-captioned adversary proceeding by the filing of their complaint (the "Complaint") seeking a judgment declaring and finding that (i) defendants Dorado, Cypress Tree, and Margaret Streicker (the "Defendants") breached the Contract in failing to close on August 31, 2026, time of the essence; and (ii) that the Debtors are entitled to the release of the Dorado Deposit as liquidated damages by reason of Defendants' failure to complete the transaction and close on August 31, 2026 so that the Dorado Deposit can be released to Valley pursuant to, *inter alia*, the Bid Procedures; and

**WHEREAS**, Valley has claimed a lien on the Dorado Deposit and wishes to become a co-plaintiff.

**NOW IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned attorneys for the respective parties hereto that:

1. The Complaint is hereby deemed amended to add Valley as co-plaintiff pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015.

2. The caption of this adversary proceeding shall be amended as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Silvershore Cypress LLC,<br>Silvershore Properties 95 LLC, | Case No. 24-43223-ess<br>Case No. 24-43224-ess |
| Debtors. | Jointly Administered |
| Silvershore Cypress LLC,<br>Silvershore Properties 95 LLC, and<br>Valley National Bank<br><br>Plaintiffs,<br>vs.<br>Margaret Streicker, Dorado Asset Advisory LLC,<br>and Cyprus Tree LLC,<br><br>Defendants. | Adv. Pro. No: 26-01148-ess |

3. This stipulation may be executed in counterparts and a facsimile copy of this stipulation shall be deemed an original for all purposes.

Dated: New York, New York
October 19, 2026

GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP

By: */s/ Kevin Nash*___________
Kevin J. Nash
125 Park Avenue, Ste. 12th Floor
New York, New York 10017
T 212.221.5700

*Attorneys for Plaintiffs*

WINDELS MARX LANE & MITTENDORF LLP

By: */s/ Eloy A. Peral*__________
Robert J. Malatak
Eloy A. Peral
156 West 56th Street
New York, NY 10019
T 212.237.1000

*Attorneys for Valley National Bank*